IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

Arthur Austin and Barbara Austin
Plaintiffs,

v.

No. 09C2979

JURY DEMAND

Nationwide Mutual Fire Insurance Company
Defendant.

## COMPLAINT

Come the Plaintiffs, Arthur Austin and wife Barbara Austin, and for their cause of action against the Defendant Nationwide Mutual Fire Insurance Company would respectfully state to the Court as follows:

1. The Plaintiffs Arthur Austin and wife Barbara Austin, (hereinafter referred to as "Plaintiffs") were at all times of the incident and presently remain citizens and residents of Nashville, Davidson County, Tennessee. The Events of this lawsuit also occurred in Davidson County, Tennessee.

2. Based upon information and belief, Defendant Nationwide Mutual Fire Insurance Company (hereinafter referred to as "Nationwide") is an insurance company incorporated in Ohio but doing business in Davidson County, Tennessee and can be served through the Department of Commerce and Insurance, 500 James Robertson Pkwy, 5th floor, Nashville, TN 37243.

3. For many years the Plaintiffs paid insurance premiums to Nationwide to protect their house and personal contents from loss, including, fire or theft. Nationwide entered into a contractual agreement on a yearly basis to provide this insurance coverage protection in exchange for annual insurance premiums.

4. As of September 1, 2008 the Defendant insured the Plaintiffs' house and contents located at 5406 Michigan Ave., Nashville, TN 37209 under policy number 63 41 HO 090266. This annual policy was in effect and was issued on June 3, 2008. The Defendant's insurance contract provided coverage limits of $135,800 for the dwelling and $98,545 for loss, damage, theft or destruction of the personal property and contents. The annual premium paid was $903.

5. On September 1, 2008, the Plaintiffs discovered that a significant and valuable collection of baseball, football and other collectors' cards and sports memorabilia had been removed or stolen from the premises. The Plaintiffs owned this memorabilia collection, and typically kept it on the insured premises. After discovering the theft or loss, the Plaintiffs made a report to the local police and subsequently filed a claim with the Defendant Nationwide.

6. Soon thereafter Nationwide began the investigation and claims process. The Plaintiffs have cooperated and provided all available information to the Defendant and complied with all the claims handling requests. However, Defendant Nationwide has willfully and intentionally refused to make payment on this loss or theft claim to its insured Plaintiffs. The property was owned by the insureds and covered under the clear terms of the policy.

7. The sports memorabilia collection that was stolen or lost has an estimated value of between $40,000 and $75,000, contains many rare and valuable cards and had been collected

over numerous years. Defendant Nationwide has intentionally and willfully refused to pay this claim and is in breach of its contractual obligations to the Plaintiffs. The Plaintiffs seek compensatory damages for the value of the property.

8. The actions of the Defendant further constitute violations of T.C.A. 56-8-104 and are Unfair Claims Settlement Practices. Defendant Nationwide has intentionally and willfully refused to pay this claim and has failed to act in good faith. It has failed to pay this claim within 60 days of the loss or the submitted proof of loss by the insured plaintiffs. The Plaintiffs demand all additional penalties allowed by this statute.

9. In addition, or alternatively, the Defendant's actions also are violations of the Consumer Protection Act and are willful, intentional or grossly negligent. The Plaintiffs demand all penalties, treble damages and attorney fees allowed, per T.C.A. 47-18-109

10. In addition, or alternatively, the Defendant's actions constitute willful, intentional or grossly negligent refusal to honor the terms of the insurance policy, to detriment the Plaintiffs and for the benefit of the Defendant; thus, the Plaintiffs should be awarded punitive damages as a result of the actions of the Defendant.

**WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:**

For proper process to issue and for the Defendant to be served with a true and accurate copy of this Complaint and that it be required to answer same within the time prescribed by law and:

1. For a jury of twelve to try this cause;

2. For compensatory damages and punitive damages; and additionally or in the alternative for treble damages provided by the Tennessee Consumer Protection Act and for all damages allowed by the Unfair Claims Practices Act. Because Tennessee law provides that a Plaintiff might not be entitled to receive a jury award in excess of the amount prayed for in the Complaint and out of an abundance of caution, Plaintiff prays that they be awarded compensatory damages in the amount of $ 265,000;

3. For all costs, including attorney fees, discretionary and court costs and pre and post judgment interest;

4. For all other general and/or specific relief as the Honorable Court deems necessary.

Respectfully Submitted,

_____
MICHAEL K. SMITH #17155
144 Second Avenue North, Ste 150
Nashville, Tennessee 37201
(615) 620-5833

I hereby affirm that the information contained herein is accurate and truthful, to the best of my knowledge.
_____
Arthur Austin

I hereby certify that this is a true copy of original instrument filed in my office this 26th day of Aug. 2009
RICHARD R. ROOKER Clerk
By _____
Deputy Clerk

 **CT Corporation**

**Service of Process Transmittal**
09/17/2009
CT Log Number 515442622

TO: Randolph Wiseman
Nationwide Mutual Insurance Company
One Nationwide Plaza 1-38-11
Columbus, OH 43215-2220

RE: **Process Served in Tennessee**

FOR: Nationwide Mutual Fire Insurance Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Arthur Austin and Barbara Austin, Pltfs. vs. Nationwide Mutual Fire Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Letter, Summons, Return Form, Complaint |
| COURT/AGENCY: | David County, Circuit Court, TN<br>Case # 09C2979 |
| NATURE OF ACTION: | Insurance Litigation - Policy benefits claimed for property damage due to theft or loss over the premises On September 1, 2008 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 09/17/2009 postmarked on 09/14/2009 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Michael K. Smith<br>144 Second Ave. Notrh<br>Suite 150<br>Nashville, TN 37201<br>601 620 5833 |
| REMARKS: | Process served/received by the Insurance Commissioner on 09/02/2009, and mailed to CT Corporation System on 09/17/2009. |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 09/17/2009, Expected Purge Date: 09/22/2009<br>Image SOP |
| SIGNED: | C T Corporation System |
| ADDRESS: | 800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| TELEPHONE: | 865-342-3522 |

Page 1 of 1 / YC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



STATE OF TENNESSEE
## DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

September 11, 2009

Nationwide Mutual Fire Ins. Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 23779

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 3230 0002 4322 6497
Cashier # 4891

Re: Arthur & Barbara Austin   V.   Nationwide Mutual Fire Ins. Company

Docket # 09C2979

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on September 02, 2009 by Arthur & Barbara Austin pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Davidson County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Davidson County
    1 Public Square, Room 302
    Nashville, Tn 37219-6303

Service of Process 615.532.5260

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |
|---|---|

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

Arthur Austin and Barbara Austin

CIVIL ACTION DOCKET NO. 09C2979

**Plaintiff**

Vs.

Nationwide Mutual Fire Insurace Company

(One Nationwide Plaza, Columbus Ohio 43215)

SERVE thru DEPART. COMMERCE and INSURANCE

500 James Robertson Pkwy, 5th Floor, Nashville, TN 37243

**Defendant**

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☒ Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 8/26/2009

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Michael K. Smith |
|---|---|
| | 144 Second Ave. N., Suite 150 |
| | Address |
| | Nashville, TN 37201    (615) 620-5833 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

If you have a disability and require assistance, please contact 862-5204.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner: ___

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20 _____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 _____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20 _____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE
**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

